UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

**Abeth Hashimi**,,

                Plaintiff,                Case No.: **1:23-cv-02300-LDH-MMH**

-v-

**Conandy Realty LLC,** and         **MEMORANDUM OF LAW**
**Roma Crew Inc.**                         **IN SUPPORT OF MOTION FOR**
                                                             **FINAL DEFAULT JUDGMENT**

                Defendants.
_____x

___

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF

## DEFAULT FINAL JUDGMENT

___

# TABLE OF CONTENTS

|      |                                                                                  | Page No. |
|------|----------------------------------------------------------------------------------|----------|
| I.   | Preliminary Statement of the Legal Argument                                      | 4        |
| II.  | Proposed Damages (Injunctive Relief and Request for Fees and Costs)              | 5        |
| III. | Argument to Enter Default Judgment and Legal Precedents                          | 6        |
| IV.  | Reserving Ruling to Award Reasonable Attorney's Fees and Costs                   | 8        |
| V.   | Proposed Compliance                                                              | 9        |
| VI.  | Court to Retain Jurisdiction on Plaintiff's Attorney Fees                        | 9        |
| VII. | Conclusion                                                                       | 10       |

# TABLE OF AUTHORITIES

*Au Bon Pain Corp vs. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) . . . 4

Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 235 (2d Cir. 2012) . . . . . . . . 5

Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)) . 5

Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993 . . . . 5

Rogers v. SuboticLLC, 18-CV-1997 (JPO) (S.D.N.Y. Aug. 16, 2018 . . 6

*Pelican Production Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990). . 7

*Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 458 (U.S. 2004) . 7

*Federal Maritime Com'n v. South Carolina State Ports Authority*, 535 U.S. 743, 757 (U.S. 2002)
. . . . . . . . . . . 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

**Abeth Hashimi**,,

               Plaintiff,              Case No.: **1:23-cv-02300-LDH-MMH**

-v-

**Conandy Realty LLC,** and         **MEMORANDUM OF LAW**
**Roma Crew Inc.**                      **IN SUPPORT OF MOTION FOR**
                                                **FINAL DEFAULT JUDGMENT**

               Defendants.
_____x

**PLAINTIFF'S VERIFIED MOTION FOR FINAL DEFAULT
JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT OF
MOTION**

COMES NOW, Plaintiff **Abeth Hashimi** ("Plaintiff"), by and through undersigned counsel, and moves the Court for the entry of a final default judgment pursuant to Fed. R. Civ. P. 55(b)(2) and Local Civil Rule 55.2(b), against Defendants **Conandy Realty LLC** and **Roma Crew INC.** (hereinafter "Defendants"), and files herewith his Memorandum of law in support of said motion, and states:

### I.    Preliminary Statement of the Legal Argument

Defendants are each a business entity registered in the State of New York, duly organized and existing pursuant to the laws of the State of New York. As such, the Secretary of State is an authorized agent to accept service and did accept service of the Complaint [DE#1] filed on March 26, 2023, and served upon the Defendants on April 4, 2023. Likewise, the Subject

Property, a place of public accommodation under the ADA, is located in the State of New York and within the Southern District of New York.

Entry of a final default judgment is governed by Fed. R. Civ. P. 55 and Local Civil Rule 55.2, which provide that where a party fails to plead or otherwise defend against a complaint, and after entry of a default, default judgment may be entered against such party. As stated in paragraphs 1-12 of Plaintiff's Affirmation in Support of Plaintiff's Motion for Default Motion, and evidenced by the Court's docket in this action, those criteria have been met. Defendants maintain a place of public accommodation under the ADA and are also covered entities under the Executive Law and Administrative Code. As alleged in the Complaint [DE#1], the removal of the stated barriers to access are readily achievable and failure to remove those barriers constitute a pattern or practice of discrimination against individuals in violation of the ADA and within the meaning of the ADA. *See* 42 U.S.C. § 12182(a), (b)(2)(A)(iv); 42 U.S.C. § 12188(b)(1)(B)(i); 28 C.F.R. § 36.304; and 28 C.F.R. § 503(a).

Under a Rule 55(b) motion for default judgment, the Court should "accept as true all the factual allegations of the complaint, except those relating to damages." *Au Bon Pain Corp vs. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Accordingly, the Court should accept as true all allegations in the Complaint [DE#1] for purposes of determining the Defendants' liability. There are no material facts at issue and the grounds for default judgment have been clearly established. There is no reason to believe that compelling the Defendants to comply with the ADA, imposing injunctive relief, or awarding reasonable attorney's fees and costs would be unduly harsh or inequitable considering that if the Defendant had meritorious defenses to the Plaintiff's claims the Defendants had ample opportunity to assert them and failed.

## II. Proposed Damages (Injunctive Relief and Request for Fees and Costs)

Despite the fact that the NYSHRL provides for monetary compensation, Plaintiff is not seeking damages. Plaintiff is only seeking injunctive relief under the ADA and described in the Complaint [DE#43] filed in this action. Plaintiff seeks injunctive relief under the ADA requiring that Defendants remove the following architectural barriers cited in the Affirmation filed in Support of this Motion. Plaintiff submits that Defendants should be required to comply with the foregoing removal of architectural barriers within ninety (90) days. Plaintiff is also seeking an award for costs and reasonable attorney's fees for the prosecution of this action.

The proposed damages are in the form of untenable obstructions that are impossible to the Plaintiff and so many other citizens afflicted with ADA impairments, as denoted supra. Naturally, the litigation of the aforementioned damages has engendered litigation cost, attorney fees, expert retainer fees, and other associated costs. Being that the undersigned was retained by the Plaintiff in the prosecution of this matter, including the motion practice herein, a substantial amount of attorney hours have been put forth that which would require a payment in the range of several thousand dollars. Furthermore, an inquest is not necessary in these matters considering the controlling precedents of this Circuit. To secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 235 (2d Cir. 2012) (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)). District courts have "much discretion" to determine whether to hold an inquest on damages; an inquest is not mandatory, and a plaintiff's damages may be established by "detailed affidavits and documentary evidence." Id. at 234 (quoting Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993)).

Moreover, the ADA as well as the NYCHRL allow a prevailing party in an action to recover reasonable attorney's fees, including litigation expenses and costs. *See 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(g)*. The reference point for determining the fees is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Shariff, 2013 WL 6835157, at *6. The documentary evidence generated and to be attached in a separate application as fee statements reports and detailed affidavits of expenses thereunto as Exhibits, is sufficient to surpass the threshold requirements that which obviate the necessity of Court resources in determining the attorney fees and litigation costs for reimbursement requested herein, see Rogers v. SuboticLLC, 18-CV-1997 (JPO) (S.D.N.Y. Aug. 16, 2018).

### III. Argument To Enter Default and Legal Authority

This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 & 1343 for Plaintiffs' claims arising under 42 U.S.C. §12181, et seq., based on Defendants' violations of Title III of the Americans with Disabilities Act (see also, 28 U.S.C. §2201 and §2202). On July 26, 1990, Congress enacted the ADA, and established January 26, 1992, as the date when all public accommodations had to comply therewith. See 42 U.S.C. §12181; 28 CFR §36.508(a) (or January 26, 1993 if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

The Defendants' deadline for compliance with the ADA has exceeded twenty years. The premises that are operated by Defendants must be accessible for individuals with disabilities. Pursuant to 42 U.S.C. §12181(7) and 28 CFR §36.104, the property which is the subject of this action is a public accommodation covered by the ADA and must be in compliance therewith. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice,

Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 CFR Part 36. Defendants are in violation of 42 U.S.C. §12181 et seq., and 28 CFR 36.302 et seq., and is wantonly discriminating against Plaintiff. The discrimination is based on the Defendants denying Plaintiff full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations as prohibited by 42 U.S.C. §12182 et seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv), where such removal is readily achievable. Pursuant to 42 U.S.C. §12188(a)(2), this Court is provided authority to grant Plaintiffs injunctive relief, including an Order to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

Pursuant to the provisions of Rule 55 of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Rules of Civil Procedure, such as the Defendants in this cause, a default shall be entered against that party. In this instance, Defendants were properly served with the Complaint filed herein and failed to respond as required under the law. Therefore, in accordance with Fed. R. Civ. P. 55(a) & 55(b)(2), Plaintiff is entitled to a default final judgment against Defendants.

Plaintiff recognizes that entry of a default judgment against a defendant is a severe remedy and generally disfavored. *See*, *e.g.*, *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Where, as here, however, a party does not respond to a properly served Complaint and ignores a duly issued and properly served Summons of a Court, a default judgment, though drastic, is the appropriate and, indeed, the only recourse. *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 458 (U.S. 2004) ("And, when a party fails to answer or

appear in an adversary proceeding, the Federal Rule governing default judgments applies"); *Federal Maritime Com'n v. South Carolina State Ports Authority*, 535 U.S. 743, 757 (U.S. 2002)("If a defendant fails to respond to a complaint, default judgment may be entered on behalf of the plaintiff").

Plaintiff would prefer that this case be decided upon its merits and has every confidence it would prevail at a trial. Since the Defendants do not appear disposed to defend this action, however, this Court has as the only avenue available to conclude this matter, the entry of a default judgment against Defendant.

### **IV, Reserving Ruling to Award Reasonable Attorney's Fees and Costs**

The only question that remains is the proper valuation of damages to which Plaintiff is entitled. Upon entry of the final default judgment, the Plaintiff intends to attempt to reach out to the Defendant in an attempt to prompt their compliance with such Final Default Judgment. Plaintiff requests that the Court reserve ruling on attorney's fees and allows the Plaintiff 180 days to finalize a motion to tax reasonable attorney's fees and costs after attempting to prompt Defendants' compliance or to attempt to enforce any final default judgment entered which includes injunctive relief. The Plaintiff's proposed final default judgment requests that the Defendants be given 90 days from the date of the order to comply with the remediations stated therein. Undersigned will undoubtedly expend additional time and costs in serving any final default judgment and attempting to prompt Defendants' compliance with or attempting to enforce the same. Any amount of fees and costs requested at this time would be incomplete and would require a secondary motion to tax the additional costs and fees to be incurred.

In the interest of preserving the Court's time and resources, and in the interest of only filing one of the same type of motion, it is reasonable to wait to move to tax costs and award

fees until the majority of the time and costs have already been expended and any minimal anticipated costs and fees can be reasonably estimated.

### V. Proposed Compliance

Plaintiff requests that the Defendants be Ordered herein to submit to Plaintiff's counsel an architectural plan that remedies the violation identified above within ninety days of the date of this order. Plaintiff additionally seeks thirty days from receipt of Defendant's plan to consent or to seek further relief from the Court. Plaintiff also moves the Court to grant an Order that compels the Defendant to mail post-dated checks for full payment of the requisite Attorney fees associated with the prosecution in this civil actions, and additionally Defendant shall make the necessary alterations within sixty days of Plaintiff's consent or any ruling on Plaintiff's request for further relief. Thereon, the Plaintiff respectfully requests that this Honorable Court order the Defendants to comply with the terms of this Final Judgment within ninety (90) days of the entry of this judgment.

### VI. Court to Retain Jurisdiction on Plaintiff's Attorney Fees

The Court shall retain jurisdiction relating to the Plaintiff's attorneys' fees and said motion shall be filed within one-hundred and eighty (180) days of entry of this Final Judgment.

### CONCLUSION

Plaintiff respectfully requests that the Court grant a Motion and enter an Order for Default Judgment in the above captioned matter, as pursuant to 42 U.S.C., Section 12181(a). The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this

action. The Plaintiff is entitled to reasonable attorney's fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C., Sections 12205 and 12207.

WHEREFORE, Plaintiff by and through undersigned counsel, respectfully requests that the Court enter an Order to Show Cause for Default Judgment in this matter, and that the Judgment be entered in favor of Plaintiff, and against the Defendant, **Conandy Realty LLC** and the Defendant **Roma Crew Inc.** in the manner stated herein, requiring the removal of all barriers to access as pled in the Complaint [DE#1], and reserving ruling to tax costs and award reasonable attorney's fees following Plaintiff's service of the final default judgment and attempts to prompt compliance with or enforce the same through a separate application.

Respectfully submitted,

<u>s/ *Maria-Costanza Barducci*</u>

BARDUCCI LAW FIRM, PLLC
19 West 5th Street, 10th Floor
New York, New York 10011
T: 212.433.2554
MC@BarducciLaw.com

# CERTIFICATE OF SERVICE

I HEREBY certify that on August 28, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF filing system upon all parties of record, as well as, via mail upon Defendants at the following addresses:

**Conandy Realty LLC**
  166-25 POWELLS COVE BLVD,                                    Via USPS Priority Mail
   WHITESTONE, NY, 11357

**Roma Crew Inc.**
  162-21 86TH ROAD,                                                   Via USPS Priority Mail
   JAMAICA, NY, 11432

                                                       By:   s/Maria-Costanza Barducci
                                                               Maria-Costanza Barducci, Esq.
                                                                    *Attorney for Plaintiff*