UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

ABETH HASHIMI,

                               Plaintiff,

            -against-

CONANDY REALTY LLC, and ROMA CREW INC.,

                           Defendants.

-------------------------------------------------------------------- x

                         **REPORT AND**
                         <u>RECOMMENDATION</u>

                         23-CV-2300 (LDH)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

        Plaintiff Abeth Hashimi sued Defendants Conandy Realty LLC and Roma Crew Inc., alleging violations of the public accessibility requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.* (*See generally* Compl., ECF No. 1.)[1] Before the Court is Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b). (*See generally* Mot., ECF No. 16.)[2] The Honorable LaShann DeArcy Hall referred the motion for report and recommendation. For the reasons set forth below, the Court respectfully recommends that the motion should be **granted**.

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.,* "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

[2] The motion papers include the Notice of Motion (Mot., ECF No. 16); the declaration of Maria Barducci (Barducci Decl., ECF No. 16-1), the Complaint, a memorandum of law (Pl. Mem., ECF No. 16-3); a proposed default judgment order (Proposed Default Judgmt., ECF No. 16-4), certificates of default as to each defendant (ECF Nos. 16-5 & 16-6), and an Affidavit of Service (ECF No. 16-7).

I.   **BACKGROUND**

A.   **Factual Allegations**

The following facts are taken from the Complaint and documents incorporated by reference into the Complaint, and are assumed to be true for the purposes of this motion. *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187–90 (2d Cir. 2015).

Plaintiff suffers from a congenital neuromuscular disorder known as Central Nuclear Myopathy, which affects the cell structure of his voluntary muscles.  (Compl., ECF No. 1 ¶ 2.) As a result, he is bound to ambulate in a wheelchair.  (*Id.*)  Defendant Conandy Realty LLC is the owner of the property located at 47-46 11th Street, Queens, New York 11101 (the "Property") and transacts business within New York.  (*Id.* ¶ 3.)  Defendant Roma Crew Inc. leases the Property and operates a business known as Jora Restaurant and Bar located at the Property.  (*Id.* ¶ 4.)

Plaintiff lives approximately three miles from the Property and passes it at least once per week.  (*Id.* ¶ 6.)  Plaintiff visited the Property on November 9, 2022, and on December 10, 2022, but physical barriers prevented his wheelchair from moving through the front entrance. (*Id.* ¶¶ 9, 12.)  Specifically, Plaintiff alleges that the first two entrances were inaccessible because there were steps without ramps, insufficient clearing, inaccessible routes, and other barriers.  (*Id.* ¶ 15.)  Plaintiff further alleges that the dining tables and bar were inaccessible because of insufficient knee clearance.  (*Id.*)  Lastly, the Property's bathrooms were inaccessible due to insufficient door clearance, space, and grab bars.  (*Id.*)

Plaintiff intends to visit the Property again to use all of the goods and services offered but is unable to do so because of the physical barriers that limit his access.  (*Id.* ¶ 13.)

### B.    Procedural History

Plaintiff filed this action on March 26, 2023.  (Compl., ECF No. 1.)  Plaintiff served the summons and Complaint on April 4, 2023 by delivering copies of the Summons and Complaint to the New York Secretary of State.  (Affs. of Service, ECF Nos. 8–9.)  At Plaintiff's request, after Defendants failed to appear or otherwise respond to the Complaint, the Clerk of Court entered a notation of default against them on June 28, 2023.  (Entry of Default, ECF Nos. 14–15.)  In response to the Court's directive, Plaintiff mailed a copy of the summons and Complaint to each Defendant at their last known business addresses and at the Property.  (Aff. of Service, ECF No. 16-7.)

Plaintiff moved for default judgment on August 28, 2023, seeking injunctive relief and an award of attorneys' fees and costs.  (Mot., ECF No. 16.)  On the same day, Plaintiff served the motion for default judgment on Defendants. (Barducci Decl., ECF No. 16-1 at 21–22.)[3] Judge DeArcy Hall referred the motion for report and recommendation.  (Aug. 31, 2023 Order.)  To date, Defendants have not appeared in this case or responded to Plaintiff's motion.

## II.    STANDARD FOR DEFAULT JUDGMENT

Rule 55 of the Federal Rules of Civil Procedure employs a two-step process for a party to obtain a default judgment. Fed. R. Civ. P. 55(a)–(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc*., No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y Mar. 9, 2021).  *First*, when a party uses an affidavit or other proof to show that a party has

---

[3] The Certificate of Service indicates that counsel mailed a copy of "the foregoing document" to each Defendant at their respective address via USPS priority mail.  (Barducci Decl., ECF No. 16-1 at 21–22.)  The addresses listed for each defendant differ from the Property, but both addresses match Defendants' business addresses as listed with the New York Secretary of State and stated on the summonses.  (Barducci Decl., ECF No. 16-1 ¶ 5; Affs. of Service, ECF Nos. 8–9.)

"failed to plead or otherwise defend" against an action, the clerk shall enter a default. Fed. R. Civ. P. 55(a). If a claim is for "a sum certain or a sum that can be made certain by computation," the clerk can enter judgment. Fed. R. Civ. P. 55(b)(1). *Second*, and "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021). To "enter or effectuate judgment" the Court is empowered to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (cleaned up). The Court must draw all reasonable inferences in favor of the movant. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, "a default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (cleaned up).

## III.    DEFAULT JUDGMENT FACTORS

Courts use the same three-factor test used to set aside a default judgment to determine whether to grant a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Avail 1 LLC v. Latief*, No. 17-CV-5841 (FB)(VMS), 2020 WL 5633869, at *4 (E.D.N.Y. Aug. 14, 2020). Specifically, courts examine: "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the

motion for default judgment." *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6331 (MKB), 2019 WL 2233828, at *3 (E.D.N.Y. May 22, 2019) (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001)).

As to the first factor of willfulness, a defendant's failure to answer a complaint and respond to a motion for default judgment is considered willful. *Acosta v. DRF Hosp. Mgmt. LLC*, No. 18-CV-346 (DRH)(AKT), 2019 WL 1590931, at *6 (E.D.N.Y. Mar. 13, 2019), *adopted by* 2019 WL 1585225 (E.D.N.Y. Apr. 12, 2019) ("When a defendant is continually and entirely unresponsive, defendant's failure to respond is considered willful.") (cleaned up). Because Defendants were properly served, their failure to respond or otherwise appear in this action demonstrates willfulness.

Second, without an answer to the Complaint, "the Court cannot determine whether a defendant has a meritorious defense and granting a default judgment is favored under those circumstances." *Avedana v. Casa Ofelia's Bakery LLC*, No. 20-CV-2214 (DG)(AKT), 2021 WL 4255361, at *4 (E.D.N.Y. Aug. 19, 2021), *adopted by* 2021 WL 4248857 (E.D.N.Y. Sept. 17, 2021); *Finkel v. Gaffney-Kroese Elec. Supply Corp.*, No. 22-CV-1777 (DG)(TAM), 2023 WL 2579165, at *4 (E.D.N.Y. Feb. 22, 2023), *adopted by* Order Adopting R. & R., No. 22-CV-1777 (E.D.N.Y. Mar. 10, 2023). Accordingly, this factor weighs in favor of default judgment.

Third, Plaintiff will be prejudiced if the motion for default judgment is denied because it has "no alternative legal redress." *United States v. Myers*, 236 F. Supp. 3d 702, 708–09 (E.D.N.Y. 2017). In other words, because Defendants have failed to respond or otherwise appear in this action, without the entry of default judgment, the alleged barriers will remain.

*Hashimi v. CLMO, LLC*, No. 20-CV-1073 (DG), 2021 WL 3478174, at *4 (E.D.N.Y. July 19, 2021), *adopted by* 2021 WL 3472658 (E.D.N.Y. Aug. 6, 2021).

Based on the foregoing, entry of default judgment is permissible.

**IV.   STANDING**

"To establish [Article III] standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).  "[E]ven though defendants have not appeared in this action and have not challenged plaintiff's standing to sue, the Court evaluates whether Plaintiff has standing." *Hashimi*, 2021 WL 3478174, at *3.

"To invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his or her standing to sue at each stage of the litigation." *Dunston v. Spice of India Inc.*, No. 20-CIV-493 (PKC)(VMS), 2022 WL 994502, at *3 (E.D.N.Y. Feb. 14, 2022), *adopted by* Order Adopting R. & R., *Dunston v. Spice of India Inc.*, No. 20-CIV-493 (PKC)(VMS) (E.D.N.Y. Mar. 17, 2022) (cleaned up).  "In ADA cases, a broad view of constitutional standing is appropriate because private enforcement suits are the primary method of obtaining compliance with the Act." *Adams v. 8618-8620 Third Ave. Realty Corp.*, No. 22-CV-05722 (FB)(RER), 2023 WL 5279355, at *3 (E.D.N.Y. July 28, 2023), *adopted by* 2023 WL 5278483 (E.D.N.Y. Aug. 16, 2023) (cleaned up).

"Courts have held that there is standing for plaintiffs in ADA suits seeking injunctive relief where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer

that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' services to plaintiff's home, that plaintiff intended to return to the subject location." *Gomez v. W. Shore Inn Rest., Inc.*, No. 22-CV-277 (EK)(CLP), 2023 WL 5337864, at *5 (E.D.N.Y. June 30, 2023), *adopted by* 2023 WL 5334415 (E.D.N.Y. Aug. 18, 2023) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (per curiam)).

Plaintiff meets all three factors. *First*, Plaintiff plausibly alleges past injury under the ADA because he alleges that he visited the Property twice and that on both occasions, several structural barriers hindered his ability to ambulate through the Property. (Compl., ECF No. 1 ¶¶ 5, 8, 15.) He further cites the specific ADA regulations and remedial measures that he claims Defendants failed to implement at the Property. (*Id.* ¶ 15.) *Second*, Plaintiff's allegations are also sufficient to establish that discriminatory treatment would continue because "it is reasonable to infer that, absent a court order requiring remediation, the barriers will remain." *Hashimi,* 2021 WL 3478174, at *4; *Gomez,* 2023 WL 5337864, at *5 (finding first prong of the standing test satisfied when plaintiff alleged multiple ADA violations.)

*Third*, Plaintiff alleges sufficient and particularized facts to establish intent to return to the Property. "[T]he focus of the third factor—*i.e.*, intent to return based on past visits and proximity—is to ensure that 'the risk of harm is sufficiently imminent and substantial' to establish standing." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74–75 (2d Cir. 2022) (quoting *TransUnion*, 141 S. Ct. at 2210). "Thus, the central inquiry is not whether a complaint pleads the magic words that a plaintiff intends to return, but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury." *Id.* at 75 (cleaned up). "Courts considering ADA claims have found that disabled plaintiffs

who had encountered barriers at restaurants . . . prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access." *Hashimi*, 2021 WL 3478174, at *3 (collecting cases). Here, Plaintiff alleges that he "lives approximately 3 miles from [the Property], [and] passes by the [the Property] at least once per week when running errands, visiting family and friends, and eating out in this locale." (Compl., ECF No. 1 ¶ 6.) Furthermore, Plaintiff states that he dines out "once or twice per week" in the restaurants neighboring the Property and approximately "once or twice per month" at restaurants on the same street as the Property. (*Id.* (listing establishments).) Plaintiff also alleges that "he would dine at the Defendant's restaurant and avail himself of the [Property's] goods and services." (*Id.* ¶¶ 6–7.) These allegations are sufficient to establish Plaintiff's intention to return to the Property. *Adams,* 2023 WL 5279355, at *3 (finding intention to return when Plaintiff lived less than six miles from the property, dined in the neighborhood several times per month, and alleged his intention to return to the property).

Accordingly, the Court finds that Plaintiff has established standing to bring this case.

## V. <u>LIABILITY</u>

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place or public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "'To demonstrate liability, plaintiff must establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the

meaning of the ADA.'" *Gomez*, 2023 WL 5337864, at *3 (quoting *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008), *cert. denied*, 129 S. Ct. 1581 (2009)).

### A.    Disability

The ADA defines a statutorily protected disability as "a physical or mental impairment that substantially limits on or more major life activities of such individual."  42 U.S.C. § 12102(1)(A).  Here, Plaintiff adequately alleges that he is disabled within the meaning of the ADA because he alleges that he suffers from a congenital neuromuscular disorder and that as a result, he is bound to a wheelchair.  (Compl., ECF No. 1 ¶ 2.)  Therefore, Plaintiff is a disabled individual as he is substantially limited in the major life activity of walking.  *See* 42 U.S.C. § 12102(2)(A) ("major life activities include . . . walking.").

### B.    Public Accommodation

The ADA defines a public accommodation to include "a restaurant, bar, or other establishment serving food or drink[.]"  42 U.S.C. § 12181(7)(B).  Here, Plaintiff adequately describes the Property as a "public accommodation," "service establishment," and a "restaurant," and further alleges that the specific business Defendants own and operate at the Property is "Jora Restaurant and Bar."  (Compl., ECF No. 1 ¶¶ 4, 6, 8.)  Accordingly, the Property is a public accommodation subject to the ADA.

### C.    Discrimination

The ADA defines discrimination to include "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).  The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense."  *Id.* § 12181(9).  Further, "[a] plaintiff can establish discrimination in violation of the ADA by

showing that the defendant violated the applicable accessibility standards set forth in the ADA Accessibility Guidelines (ADAAG)." *Dunston*, 2022 WL 994502, at *5 (cleaned up) (collecting cases).  Here, Plaintiff properly alleges that he had difficulty accessing the Property due to several physical barriers in violation of the ADAAG, including steps at the front entrance that did not include a ramp, inaccessible dining tables and bar, and lack of space in the restrooms.  (Compl., ECF No. 1 ¶ 15 (citing, *e.g.*, ADAAG § 206 (Accessible Entrances), 207 (Accessible Means of Egress), 226 (Dining Surfaces and Work Surfaces), 402 (Accessible Routes), 403 (Walking Surfaces), 404 (Doors, Doorways, and Gates), 603 (Toilet and Bathing Rooms), 604 (Water Closets and Toilet Compartments), 605 (Urinals) & 606 (Lavatories and Sinks).)  Plaintiff also alleges that "the removal of the physical barriers . . . is readily achievable and can be carried out without much difficulty or expense."  (*Id.* ¶ 17.) Accordingly, Plaintiff has adequately alleged that he has been discriminated against within the meaning of the ADA.  *Adams*, 2023 WL 5279355, at *4.

Accordingly, the Court respectfully recommends that Defendants should be liable for violation of the ADA.

## VI.    <u>INJUNCTIVE RELIEF</u>

Plaintiff seeks injunctive relief and requests 180 days after the entry of default to seek attorneys' fees and costs.  (Pl.'s Mem. ECF No. 16-3 at 5, 8)  Plaintiff does not seek monetary damages. (*Id.* at 5.)[4]

---

[4] Plaintiff states he is not seeking damages "despite the fact that the [New York State Human Rights Law]" provides for monetary compensation.  (Pl.'s Mem., ECF No. 16-3 at 5.)  Plaintiff is not entitled to monetary damages under state law because the Complaint only alleges violations of the ADA and ADAAG.  (Compl., ECF No. ¶ 1 (pleading federal question jurisdiction "for

"In the case of violations of section[] 12182(b)(2)(A)(iv)[,] injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2). As noted above, Plaintiff adequately alleges that he has been discriminated against within the meaning of the ADA and that Defendants violated § 12182(b)(2)(A)(iv). (*See* § V.C., *supra*.) Plaintiff requests an injunction requiring Defendants to remove architectural barriers within 90 days. (Pl.'s Mem., ECF No. 16-3 at 5; Proposed Default Judgmt., ECF No. 16-4.)

"[T]he often-used method in this district for awarding injunctive relief in ADA cases is to require defendants to submit a compliance plan with a prescribed period of time." *Grinblat v. Apna Food & Oil Corp.*, No. 19-CV-6746 (EK)(LB), 2020 WL 7481508, at *6 (E.D.N.Y. Aug. 26, 2020), *adopted by* 2020 WL 7481327 (E.D.N.Y. Dec. 18, 2020); *see also Hashimi*, 2021 WL 3478174, at *4 (collecting cases). "Having reviewed Plaintiff's proposed order [see ECF No. 16-4], the nature of the violations claimed by Plaintiff, the nature of the relief required to afford redress, and the common practice in this District for awarding injunctive relief in ADA cases, the Court respectfully recommends the issuance of an injunction[.]" *Dunston*, 2022 WL 994502, at *6 (collecting cases).

Accordingly, the Court respectfully recommends that the injunction require: (1) Defendants to prepare architectural plans remedying the violations described in the Complaint and to provide Plaintiff's counsel with those plans for review within 60 days of any order adopting this report and recommendation; (2) Plaintiff to consent to or seek further relief

---

Plaintiff's claims arising under 42 U.S.C. § 12181 [*et seq.*], based upon [Defendants'] violations of Title III of the ADA").)

from the Court regarding those plans within thirty days of receipt; and (3) Defendants to complete the necessary alterations within sixty days after Plaintiff consents to the alterations or an order is granted on Plaintiff's request for further relief. *Id.*

## VII.  ATTORNEYS' FEES AND COSTS

In an action to recover damages under the ADA, "the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. Plaintiff requests 180 days after the entry of a default judgment to make such a motion. (Pl.'s Mem., ECF No. 16-3 at 8–9.) The request to submit a motion for attorneys' fees and costs six months after entry of a default judgment is reasonable here, as courts in this district prefer to evaluate such motions after the attorney can "demonstrate reasonable efforts to enforce the injunction." *Adams*, 2023 WL 5279355, at *5; *Dunston*, 2022 WL 994502, at *6.

Accordingly, the Court respectfully recommends that Plaintiff should be granted 180 days after the entry of a default judgment to seek attorneys' fees and costs, if this Report and Recommendation is adopted.

## VIII.  CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiff's motion for default judgment at ECF No. 16 should be **granted** as follows: (1) the Clerk of Court should enter the proposed default judgment at ECF No. 16-4 (as amended)[5] against Defendants Conandy Realty LLC and Roma Crew Inc.; (2) the Court should issue an injunction:

---

[5] The amendment to the proposed judgment at ECF No. 16-4 should be at page 1, first paragraph, by deleting "having been filed on January 27, 2023" (referring to the Complaint) because Plaintiff filed the Complaint on March 26, 2023.

(a) requiring Defendants to prepare architectural plans remedying the violations described in the Complaint and to provide Plaintiff's counsel with those plans for review within 60 days of any order adopting this Report and Recommendation; (b) permitting Plaintiff to seek further relief from the Court within thirty days upon receipt of the plans; and (c) permitting Defendants to complete the necessary alterations within sixty days after either Plaintiff consents to the alterations or a ruling by the Court that the plans are adequate, whichever occurs first; and (3) Plaintiff should be granted 180 days after the entry of a default judgment to move for attorneys' fees and costs.

A copy of this Report and Recommendation is being served on Plaintiff via ECF. The Clerk of the Court is respectfully directed to mail a copy of this Report and Recommendation to Defendants at: Conandy Realty LLC, 166-25 Powells Cove Boulevard, Whitestone, New York, 11357; Conandy Realty LLC, c/o Jora Restaurant and Bar, 47-46 11th Street, Queens, New York 11101; Roma Crew, Inc., 162-86th Road, Jamaica, NY 11432; and Roma Crew, Inc., c/o Jora Restaurant and Bar, 47-46 11th Street, Queens, New York 11101.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge DeArcy Hall. If

a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
March 8, 2024

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge