UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ABETH HASHIMI,

                      Plaintiff,

    -against-

CONANDY REALTY LLC, and ROMA CREW INC.,

                      Defendants.
------------------------------------------------------------------- x

<u>MEMORANDUM AND ORDER</u>

23-CV-2300 (LDH)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

      Plaintiff Abeth Hashimi sued Defendants Conandy Realty LLC and Roma Crew Inc., alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.* (*See generally* Compl., ECF No. 1.)[1] After Defendants failed to answer or otherwise respond to the Complaint, the Honorable LaShann DeArcy Hall granted Plaintiff's motion for default judgment, ordered injunctive relief, and permitted Plaintiff to move for attorneys' fees and costs. *Hashimi v. Conandy Realty LLC*, No. 23-CV-2300 (LDH)(MMH), 2024 WL 1006833 (E.D.N.Y. Mar. 8, 2024) ("*Hashimi I*"), *adopted by* Order Adopting R. & R., *Hashimi v. Conandy Realty LLC*, No. 23-CV-2300 (LDH)(MMH) (Mar. 25, 2024). Before the Court is Plaintiff's motion for attorneys' fees, pursuant to the ADA, 42 U.S.C. § 12205. (*See generally* Barducci Affirmation, ECF No. 24.) Judge DeArcy Hall referred the motion for decision. For the reasons set forth below, the motion is **granted in part**.

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

**I.      BACKGROUND**

The Court assumes familiarity with the facts and procedural history in this action set forth in prior orders.  *See generally Hashimi I*, 2024 WL 1006833, at *2.

In sum, Plaintiff filed this action on March 26, 2023, alleging that architectural barriers at Jora Restaurant and Bar, Defendants' property in Queens, New York (the "Property"), hindered his ability to access the Property in his wheelchair, in violation of the ADA. (Compl., ECF No. 1.)  After Defendants did not respond to the Complaint, Plaintiff moved for default judgment on August 28, 2023, seeking injunctive relief and an award of attorneys' fees and costs, which was referred for report and recommendation.  (Mot., ECF No. 16; Aug. 31, 2023 Order.)

On March 25, 2024, the Court adopted the Report and Recommendation and issued an injunction:  (1) requiring Defendants to prepare architectural plans remedying the violations described in the complaint and to provide Plaintiff's counsel with those plans for review within 60 days of its Order adopting the Report and Recommendation; (2) permitting Plaintiff to seek further relief from the Court within 30 days upon receipt of the plans; and (3) permitting Defendants to complete the necessary alterations within 60 days after either Plaintiff consented to the alterations or the Court ruled that the plans are adequate, whichever occurred first.  (Mar. 25, 2024 Order Adopting R. & R.)  The Court also granted Plaintiff 180 days after entry of default judgment to seek reasonable attorneys' fees and costs.  (*Id.*)  The Clerk of Court entered final default judgment on April 9, 2024.  (Judgmt., ECF No. 19.)

Plaintiff timely moved for attorneys' fees and costs on August 27, 2024, and subsequently submitted supplemental materials upon the Court's order.  (Barducci Affirmation, ECF No. 24; Dec. 20, 2024 Order; Supp. Ltr., ECF No. 25).  The motion was

2

referred for decision. (Sept. 10, 2024 Order Referring Mot.) To date, Defendants have not opposed the motion or otherwise appeared in this case.

## II. DISCUSSION

Plaintiff seeks an award of $8,587.31, including $6,092.00 in attorneys' fees and $2,444.81 in costs, for attorney Maria Barducci of Barducci Law Firm PLLC ("the Firm"). (Barducci Affirmation, ECF No. 24 ¶ 11; *id.* Ex. A, ECF No. 24-1 at 2.) Plaintiff submits an "Attorney's Fees & Costs Statement" containing contemporaneous time records ("Billing Record") and attaches receipts for some costs. (*Id.* Ex. A, ECF No. 24-1; Supp. Ltr. Ex. B, ECF No. 25-1.)

### A. Attorneys' Fees

In an action to recover damages under the ADA, "the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 12205. "Plaintiff bears the burden of proving the reasonableness of the fees sought." *Hashimi v. CLMO, LLC*, No. 20-CV-1073 (DG), 2021 WL 3478174, at *5 (E.D.N.Y. July 19, 2021) (citing *Savoie v. Merchs. Bank*, 166 F.3d 456, 463 (2d Cir. 1999)), *adopted by* 2021 WL 3472658 (E.D.N.Y. Aug. 6, 2021). "[T]he lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)).

#### 1. Hourly Rate

To determine a reasonable hourly rate, courts consider "market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Hennessy by & through Hennessy v. 194 Bedford Ave Rest Corp.*,

No. 21-CV- 5434 (FB)(RML), 2022 WL 4134502, at *6 (E.D.N.Y. Aug. 8, 2022) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)), *adopted by* 2022 WL 4134437 (E.D.N.Y. Sept. 12, 2022). "The method for determining reasonable attorneys' fees in this Circuit is based on several factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation, and ability of the attorney, and awards in similar cases." *Treyger v. First Class Furniture & Rugs Inc.*, No. 21-CV-2902 (EK)(RLM), 2022 WL 543026, at *7 (E.D.N.Y. Jan. 10, 2022) (citing *Arbor Hill*, 522 F.3d at 186 n.3, 190), *adopted by* 2022 WL 541795 (E.D.N.Y. Feb. 23, 2022).

Plaintiff requests two hourly rates for Ms. Barducci: $525 for "legal hours" and $125 for "administrative hours." (Barducci Affirmation, ECF No. 24 ¶ 7; *id.* Ex. A, ECF No. 24-1 at 2.) Ms. Barducci started the Firm in 2014; between 2017 and 2024, she represented plaintiffs in all phases of ADA discrimination cases, including 100 ADA cases on behalf of Plaintiff and other plaintiffs in this district and the Southern District of New York. (Barducci Affirmation, ECF No. 24 ¶¶ 8–9.) According to Ms. Barducci, each of these cases has resolved "favorably" by settlement agreement or consent decree. (*Id.* ¶ 9.) Counsel also avers that "her experience and handling of these matters is consistent with the work effort" of other ADA plaintiffs' counsel with similar experience who are typically awarded "$400 to $500 per hour." (*Id.*)

The Court is not persuaded. First, Ms. Barducci's requested hourly fee for "legal" hours exceeds the range that she alleges is typically awarded to other similarly experienced plaintiffs' attorneys in this district, and she "has not cited the rate that [she] has been awarded in other matters that the Court has approved." *Chavez v. L2 Liu Inc.*, No. 20-CV-1388 (ENV)(LB), 2021 WL 7368670, at *2 (E.D.N.Y. Apr. 12, 2021), *adopted by* Order Adopting R. & R., *Chavez v. L2 Liu Inc.*, No. 20-CV-1388 (ENV)(LB) (E.D.N.Y. May 5, 2021). In fact, at least

4

one court declined to award Ms. Barducci $450 per hour because it is "significantly higher than that which is typically awarded in this District on a default judgment for legal work performed in a 'non-complex' ADA case." *CLMO*, 2021 WL 3478174, at *5.

Second, "[c]ounsel also does not provide examples of cases awarding the same rate to attorneys with comparable experience." *Hennessy*, 2022 WL 4134502, at *6 (citing *Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 212 (E.D.N.Y. 2019)); *see also Abularach v. High Wing Aviation LLC*, No. 22-CV-1266 (MKB), 2025 WL 405986, at *6 (E.D.N.Y. Feb. 5, 2025) ("In what has become known as the 'forum rule,' courts assess the reasonableness of hourly rates by comparing the rates requested with the prevailing rates charged by attorneys practicing in the district where the court sits.") (citing *Kyros L. P.C. v. World Wrestling Ent., Inc.*, 78 F.4th 532, 547 (2d Cir. 2023)). Instead, courts in this district generally award fees in the $300 to $400 range for experienced counsel in relatively straightforward ADA cases similar to the instant action. *See, e.g.*, *Chavez v. 25 Jay St. LLC*, No. 20-CV-845 (AMD)(PK), 2021 WL 982865, at *8–9 (E.D.N.Y. Feb. 24, 2021), *adopted by* 2021 WL 980257 (E.D.N.Y. Mar. 16, 2021) (in default judgment context, recommending a fee award of $300 per hour for attorney admitted in 1985); *Grinblat v. H & 6 Assocs. Inc.*, No. 19-CV-2034 (LDH)(SMG), 2020 WL 7000347, at *3 (E.D.N.Y. July 10, 2020) (recommending $300 hourly rate for counsel with 19 years of ADA-litigation experience), *adopted by* 2020 WL 6110826 (E.D.N.Y. Oct. 15, 2020); *accord Norman v. Three in One Equities, LLC*, No. 22-CV-3173 (JLR)(JLC), 2024 WL 488181, at *8 (S.D.N.Y. Feb. 8, 2024) (awarding $400 per hour for counsel with 20 years' experience), *adopted by* 2024 WL 967175 (S.D.N.Y. Mar. 6, 2024); *accord Rubin v. HSBC Bank USA, NA*, --- F. Supp. 3d ---, No. 20-CV-4566, 2025 WL 248253, at *6 (E.D.N.Y. Jan. 21, 2025) (in a complex debt collection case, adjusting reasonable hourly rates for inflation

5

and market conditions to $450–$650 per hour for partners, $300–$450 per hour for senior associates, and $150–$300 per hour for junior associates). Ms. Barducci concedes that she has specialized in ADA litigation for less than a decade. (Barducci Affirmation, ECF No. 24 ¶ 8.) In this context, an hourly rate of $525 is unreasonable.

Finally, "the work [Plaintiff's counsel] did in this case was not sufficiently complex to justify [her] requested rate." *Volman v. Peri Peri 2 LLC*, No. 21-CV-4449 (RPK)(RER), 2022 WL 21842356, at *7 (E.D.N.Y. Aug. 16, 2022), *adopted by* Order Adopting R. & R., *Volman v. Peri Peri 2 LLC*, No. 21-CV-4449 (RPK)(RER) (E.D.N.Y. Aug. 31, 2022). For example, "Plaintiff's Complaint and Motion use boilerplate language that is extremely similar to the language used in other cases [counsel] has brought in this District." *Id.*; *see also, e.g.*, *Hashimi v. Clmo, LLC et al.*, No. 20-CV-1073 (DG)(RLM) (E.D.N.Y.), ECF Nos. 1, 10; *Rouse v. Jay St. Realty Assocs., L.P.*, 23-CV-6548 (FB)(MMH) (E.D.N.Y.), ECF Nos. 1, 14; *Ruiz Florez v. 40-56 Junction Boulevard LLC et al.*, No. 21-CV-6082 (BMC) (E.D.N.Y.), ECF Nos. 1, 15. And the Billing Record does not "demonstrate reasonable efforts to enforce the injunction," which was the reason to grant Plaintiff leave to seek attorneys' fees months after entry of default judgment. *Hashimi I*, 2024 WL 1006833 at *6 (quoting *Adams v. 8618-8620 Third Ave. Realty Corp.*, No. 22-CV-05722 (FB)(RER), 2023 WL 5279355, at *5 (E.D.N.Y. July 28, 2023), *adopted by* 2023 WL 5278483 (E.D.N.Y. Aug. 16, 2023)); *see also Dunston v. Spice of India Inc.*, No. 20-CV-493 (PKC)(VMS), 2022 WL 994502, at *6 (E.D.N.Y. Feb. 14, 2022), *adopted by* Order Adopting R. & R., *Dunston v. Spice of India Inc.*, No. 20-CV-493 (PKC)(VMS) (E.D.N.Y. Mar. 17, 2022).

The Court also declines a $125 hourly rate for administrative hours because counsel offers "no compelling justification" for this request, which is near the upper end of fees

awarded for such tasks. *Treyger*, 2022 WL 543026, at *8. A reduced rate of $75 is more appropriate under the circumstances. *CLMO*, 2021 WL 3478174, at *5 (noting Ms. Barducci's failure to make "any effort whatsoever" to justify requested billing rates, and awarding hourly rate of $75 for administrative work); *Grinblat*, 2020 WL 7000347, at *3 (awarding hourly rate of $75 for administrative work in ADA default case).

For these reasons, the Court awards attorneys' fees at an hourly rate of $300 for legal work and $75 for administrative work.

### 2. Hours Expended

"Once the Court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee." *CLMO,* 2021 WL 3478174, at *5 (citing *Arbor Hill*, 522 F.3d at 190). "'The number of hours spent on a lawsuit are considered unreasonable if they are excessive, redundant, or unnecessary.'" *Treyger*, 2022 WL 543026, at *8 (quoting *Feltzin*, 393 F. Supp. 3d at 211). "The court has the discretion to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Hennessy*, 2022 WL 4134502, at *7 (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).

Plaintiff seeks attorneys' fees based on 15.3 total hours, including 3.7 hours "administrative" hours and 11.7 "legal" hours.[2] (Barducci Affirmation Ex. A, ECF No. 24-1 at 2.) Ms. Barducci states that the Billing Record redacted or did not include any "redundant or duplicative time or effort." (Barducci Affirmation, ECF No. 24 ¶ 10.)

---

[2] Counsel's affirmation states that she expended "11.7 hours" attempting to resolve this action (Barducci Affirmation, ECF No. 24 ¶ 7.) However, the Billing Record reflects 15.3 hours billed: 11.7 hours at $525 per hour and 3.7 hours at $125 per hour. (*Id.* Ex. A, ECF No. 24-1 at 2.)

7

After carefully reviewing the Billing Record, the Court finds that the billed hours are excessive "given that this is a relatively straightforward ADA case and some of the attorney's tasks were clerical ones normally performed by an administrative assistant or paralegal." *Hennessy*, 2022 WL 4134502, at *7 (citing *Grinblat*, 2020 WL 7000347, at *3). "In cases such as the instant matter where the pleading and motion for a default judgment are cookie-cutter and almost identical to other cases filed by plaintiff's counsel, courts may '(i) cut the number of hours billed, (ii) reduce the amount of the fee, or (iii) disallow the entire amount.'" *L2 Liu*, 2021 WL 7368670, at *2 (quoting *Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551, 2013 WL 6835157, at *7 (E.D.N.Y. Dec. 20, 2013)). A 20% reduction in the requested hours sufficiently accounts for the excessive hours. *See*, *e.g.*, *Hennessy*, 2022 WL 4134502, at *7 (recommending 25% reduction from 11 hours to 8.25 hours in ADA default case); *Treyger*, 2022 WL 543026, at *9 (recommending 40% reduction from 49.8 hours to 29.88 hours in ADA default case); *25 Jay Street*, 2021 WL 982865 at *9 (recommending 30% reduction from 7.2 hours to 5 hours in ADA default case). Accordingly, the Court awards **$3,030.00** in attorneys' fees based on 9.36 legal hours and 2.96 administrative hours.[3]

**B.  Expert Fees**

Plaintiff also seeks $1,500 as an "expert report fee" from an ADA consultant for "Consultant Report in Pre-Suit Investigation & Research." (Barducci Affirmation Ex. A, ECF No. 24-1 at 2; Supp. Ltr., ECF No. 25 at 1.)

"'The court in its discretion may award a prevailing party its *reasonable* expert fees as a litigation expense pursuant to the ADA.'" *Feltzin*, 393 F. Supp. 3d at 217 (quoting *Spalluto*

---

[3] The attorneys' fees are calculated as: (9.36 hours x $300) + (2.96 hours x $75) = $3,030.00.

8

*v. Trump Int'l Hotel & Tower*, No. 04-CV-7497, 2008 WL 4525372, at *17 (S.D.N.Y. Oct. 2, 2008)) (emphasis added). Factors that courts consider in determining the reasonableness of an expert witness's fees include:

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the cost of living in the particular geographical area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters[.]

*Indep. Project, Inc. v. Ventresca Bros. Constr. Co.*, 397 F. Supp. 3d 482, 501 (S.D.N.Y. 2019) (quoting *Korabik v. Arcelormittal Plate LLC*, 310 F.R.D. 205, 206 (E.D.N.Y. 2015)).

The Court lacks sufficient information to conclude that Plaintiff's requested expert fee is reasonable. Plaintiff submits an invoice for $1,500.00 from "A.D.A. Accessibility Consultant" who purportedly "[c]onducted an on-site A.D.A. Accessibility inspection of . . . JORA 47-46 11th St., Queens, New York 11101" and "[s]ubmitted a draft report containing descriptions and photos of existing violations of Federal A.D.A. Accessibility Guidelines." (Supp. Ltr. Ex. B, ECF No. 25-2 at 1.) Notably, Plaintiff redacts the consultant's name, mailing address, email address, and telephone number on the invoice, yet submits no evidence to assess the expert's qualifications, usual rates, or areas of expertise that would justify the requested fees. *See Indep. Project*, 397 F. Supp. 3d at 501. Moreover, the invoice "does not provide any dates on which services were rendered, which 'prevents [the Court] from cross-checking the experts' billing with the [attorney] invoice to assess the reasonableness of the experts' hours.'" *Feltzin*, 393 F. Supp. 3d at 218 (quoting *Spalluto*, 2008 WL 4525372, at *17).

9

"When the reasonableness of an expert's fees is not fully explained, the Court may exercise its discretion to determine a reasonable fee." *Penberg v. HealthBridge Mgmt.*, No. 08-CV-1534 (CLP), 2011 WL 1100103, at *15 (E.D.N.Y. Mar. 22, 2011). After carefully reviewing the sparse record, the Court concludes that a partial award of expert fees is warranted because the Complaint describes Defendants' violations of the applicable accessibility standards set forth in the ADA Accessibility Guidelines, which is consistent with an expert's pre-suit investigation. (*See* Compl., ECF No. 1 ¶ 15.) Nevertheless, absent further information to assess the relevant factors for awarding expert fees, the Court reduces the expert fees by 40% to account for the dearth of evidence to support Plaintiff's request. *See, e.g.*, *Indep. Project*, 397 F. Supp. 3d at 501 (reducing fee by 15% where plaintiff submitted expert's resume but invoice omitted date and time expenditures, and collecting cases); *Feltzin,* 393 F. Supp. 3d at 218 (reducing expert fee by 20% where plaintiff submitted expert's resume and pre-suit inspection report but invoice omitted date and time expenditures); *Penberg*, 2011 WL 1100103 at *14–15 (reducing expert fee by 15% where plaintiff submitted consultant's affidavit and redacted invoice).

Accordingly, the Court awards Plaintiff **$900** for expert fees.

**C.    Costs**

Finally, Plaintiff seeks $944.81 in costs, including the $402 court filing fee, $500 for service fees, and $42.81 for postage. (Barducci Affirmation Ex. A, ECF No. 24-1 at 2; Supp. Ltr., ECF No. 25 at 1.)

The ADA authorizes courts to award prevailing plaintiffs "reasonable . . . litigation expenses, and costs." 42 U.S.C. § 12205. "'[T]he fee applicant bears the burden of adequately documenting and itemizing the costs requested.'" *Volman*, 2022 WL 21842356, at *8 (quoting

10

*Monge v. Glen Cove Mansion Hosp., LLC*, No. 18-CV-7229 (SJF) (SIL), 2020 WL 1666460 at *9 (E.D.N.Y. Apr. 2, 2020)). Based on the record, the Court awards some, but not all, of the requested costs. Specifically, the Court awards the $402 filing fee after taking judicial notice of the docket notation for paid filing fees. *Phillips v. TraxNYC Corp.*, No. 21-CV-528 (LDH)(MMH), 2023 WL 1987206, at *11 (E.D.N.Y. Feb. 14, 2023), *adopted by* 2023 WL 2532006 (E.D.N.Y. Mar. 14, 2023). The Court also awards Plaintiff $45 for service of the default judgment on Roma Crew Inc. because Plaintiff submits an invoice from Direct Process Server LLC for this amount. (Supp. Ltr. Ex. B, ECF No. 25-1; *see* Aff. of Service, ECF No. 23.) Each of these costs are reasonable and substantiated litigation expenses. *See Hennessy*, 2022 WL 4134502, at *7 ("'[P]rocess server fees are also recoverable but must be supported by documentation.'" (quoting *Feltzin*, 393 F. Supp. 3d at 219)).

However, the Court denies Plaintiff's other requested costs due to insufficient or missing records. For example, Plaintiff's Billing Record lists $42.81 for postage, yet Plaintiff does not submit any receipts for postage paid in this case. Similarly, Plaintiff offers no evidence to justify awarding $500 for service fees listed in the Billing Record. *See Hennessy*, 2022 WL 4134502, at *7 (awarding partial process server fees because plaintiff failed to submit receipt to support all requested service fees); *cf. Florez v. Mister Cangrejo NY Corp.*, No. 20-CV-4745 (AMD)(CLP), 2022 WL 837490, at *7 (E.D.N.Y. Mar. 1, 2022) (awarding process server fees because "[t]he affidavits [of service] state that plaintiff paid a fee of $40 each to the Secretary of State"), *adopted by* 2022 WL 837056 (E.D.N.Y. Mar. 21, 2022). While the docket reflects that Plaintiff employed process servers for service of the summons and Complaint, their affidavits do not state the fees they received or any fees paid to the New York State Secretary of State. (Affs. of Service, ECF Nos. 8–9.) And "the Court cannot simply

11

take the [listing] that plaintiff['s] counsel created at face value without any additional evidence of the costs alleged therein." *Treyger*, 2022 WL 543026, at *9. The Court thus declines to award those costs.

Plaintiff's failure to submit receipts is particularly problematic because the Court warned that "in the absence of any supporting documentation or receipts concerning the costs incurred," it would not award costs. *CLMO*, 2021 WL 3478174, at *5. In this case, the Court twice ordered Plaintiff to substantiate any requested costs: (1) in the default judgment, which expressly directs Plaintiff to submit "receipts for costs sought" in any motion for attorneys' fees (Judgmt., ECF No. 19 at 15); and (2) in an order after Plaintiff submitted the instant motion without receipts, warning Plaintiff that the requested costs would be denied if unsubstantiated (Dec. 20, 2024 Order). Because Plaintiff declined to supplement the record, Plaintiff is not entitled to any unsubstantiated costs.

Accordingly, the Court awards Plaintiff **$447** in costs (*i.e.*, the $402 filing fee and the $45 service fee).

### III.  CONCLUSION

For the foregoing reasons, the Court **grants in part** Plaintiff's motion for attorneys' fees at ECF No. 24 and awards Plaintiff **$4,377.00** in attorneys' fees and costs, including: (a) $3,030.00 in attorneys' fees, (b) $900 in expert fees, and (c) $447 in costs.

A copy of this Memorandum and Order is being served on Plaintiff via ECF. The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Defendants at: Conandy Realty LLC, 166-25 Powells Cove Boulevard, Whitestone, New York, 11357; Conandy Realty LLC, c/o Jora Restaurant and Bar, 47-46 11th Street, Queens, New York

Case 1:23-cv-02300-LDH-MMH   Document 26   Filed 03/26/25   Page 13 of 13 PageID #: 212

11101; Roma Crew, Inc., 162-86th Road, Jamaica, NY 11432; and Roma Crew, Inc., c/o Jora Restaurant and Bar, 47-46 11th Street, Queens, New York 11101.

**SO ORDERED.**

Brooklyn, New York
March 26, 2025

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge